RODRÍGUEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Lease.

No. 468.—Decided July 22, 1920.

RECORD OF TITLE—LEASE—COMMUNITY PROPERTY.—A lease of community property made by the husband after being divorced is recordable when ratified by the divorced wife of the lessor in a deed in which for a certain consideration she conveyed to her divorced husband her share of the assets of the community, it not being necessary to record previously the leased property in the name of the grantee.

ID.—PRINCIPAL—ACCESSORY.—When a property containing a house is leased it is not necessary first to record the house, for it is presumed that the accessory, the house, belongs to the owner of the principal, the land.

The facts are stated in the opinion.

*Messrs. Soto Gras* and *Siaca* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

On December 29, 1919, Esteban Masson, after having been divorced, executed a public instrument setting out a private contract for the lease of two properties entered into with Ramón Rodríguez on May 1, 1919, they agreeing that the contract should be recorded in the registry of property. One of the properties, referred to under letter "B", consisted of an acre of land with a house thereon, formerly belonging to the succession of Mauricio Guerra, and both properties were acquired by purchase.

On June 9, 1920, Esteban Masson and Carolina Wolkers executed a public deed witnessing a settlement of their differences in the liquidation of the conjugal partnership that had existed between them and had been dissolved by a final decree of divorce. Carolina Wolkers assigned to Masson all of her rights in the said partnership for a valuable consideration and by virtue of that assignment Masson became the sole and absolute owner of the properties of the conjugal partnership. They further agreed that the public instru-

ment of lease of December 29, 1919, above referred to, should be considered as ratified by Carolina Wolkers as if she had been a party to it and agreed to it on the date of its execution, so that it should be valid and binding against her.

These two instruments having been presented in the registry of property for the purpose of recording the lease, the registrar refused to admit it to record because the properties had not been recorded in the name of Masson by virtue of the renunciation of the rights of the wife, in accordance with article 20 of the Mortgage Law. The registrar also refused to record the house appurtenant to property "B" because the deed of sale by the succession of Mauricio Guerra to Masson, as set forth in the instrument, had not been recorded.

The lessee, Ramón Rodríguez, took the present appeal from the decision of the registrar.

The instrument of December 29, 1919, was executed by Masson after his divorce without the consent of Carolina Wolkers, but was ratified by her in the subsequent instrument of June 9, 1920. Therefore the purpose was to record a contract of lease executed before the liquidation of the dissolved conjugal partnership, and the consent of both partners to the contract is sufficient. It is true that Carolina expressed her consent in the deed of renunciation of her rights to the properties in favor of her husband, but as it was not sought to record a contract of lease made by Masson as the present owner of the properties, but simply to record a contract entered into before the liquidation of the conjugal partnership, it is not necessary that Masson should first record the properties in his own name; therefore article 20 of the Mortgage Law, providing that in order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in

whose name the conveyance or encumbrance is made must first appear of record, is not applicable.

As regards the refusal to record the house included in property "B", it is likewise unnecessary first to record its construction in the name of the conjugal partnership of Masson and Wolkers, or in the name of the succession of Mauricio Guerra, for if the house was built by the latter it belonged to them because they had built it on their own land and conveyed it with the land, and if it was built by the conjugal partnership it belonged to them and they were at liberty to lease it without having to record it specially.

The decision appealed from is reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.